IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| VICTOR HOLLIE, § | |
|    *Plaintiff*, § | |
| § | |
| VS. § | NO. 1:16-cv-00024 - ZJH |
| § | JURY TRIAL |
| WESTERN HIWAYS AND § | |
| GEORGE BATHGATE § | |
|    *Defendants.* § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO EXCLUDE PLAINTIFF'S EXPERT REPORT AND LIMIT THE TESTIMONY OF DR. REMI NADER**

TO THE HONORABLE UNITED STATES DISTRCIT JUDGE:

Plaintiff agrees that Dr. Remi Nader, Plaintiff's treating physician, will not testify to the cost of Plaintiff's future medical care.  However, Plaintiff requests that the Court permit Plaintiff to designate Dr. Robert Halvorsen, a Certified Life Care Planner, to testify about the cost of the medical goods and services Plaintiff will need in the future.  Dr. Halvorsen's testimony is extremely important, Plaintiff has a good explanation for the timing of his disclosure of Halvorsen's opinions, and any prejudice to the Defendants can be alleviated by granting a continuance of the trial setting and permitting Defendants to designate an expert to rebut Halvorsen's testimony.

**ARGUMENT**

**I.    Plaintiff Agrees Dr. Nader Will Not Testify Incorporating Dr. Halvorsen's Opinions At This Time.**

Defendants' motion states:

Based on Plaintiff's disclosure, Dr. Nader is expected to testify and provide opinions on Plaintiff's past and future care.  Nothing in the disclosure states Dr. Nader is expected to testify as to Plaintiff's alleged future medical costs or lifetime future medical care costs.

*Defs.' Mot. (Doc.26), p. 6*.  Defendants' motion concludes, "Plaintiffs' exper[t] Dr. Nader should be excluded from testifying about Plaintiff's future medical cost projections and he should be excluded from incorporating Dr. Halvorsen's opinions found in Dr. Halvorsen's untimely produced future medical cost projections.  *Defs.' Mot. (Doc. 26), p. 7*.

Defendants correctly note that a treating physician is not required to produce an expert report in order to testify about matters based on his personal knowledge of his examination and treatment of the plaintiff, but must produce a report to the extent he intends to testify to opinions he formulated for the purpose of litigation after his treatment of the plaintiff and based on information he obtained outside his treatment of the plaintiff.  *See Lee v. Valdez*, Civ. A. No. 3:07-CV-1298-D, 2008 WL 4287730, at *3 (N.D. Tex. Sept. 18, 2008).  Because Dr. Nader is not subject to Plaintiff's control, Plaintiff will be unable to obtain an expert report from him.  Accordingly, Plaintiff agrees that Dr. Nader will not testify about the cost of Plaintiff's future medical treatment.  Therefore, Defendants' motion to limit Nader's testimony is moot.

**II.     The Court Should Permit Dr. Halvorsen To Testify About the Cost of Plaintiff's Future Medical Expenses.**

Defendants' motion also seeks to exclude Dr. Halvorsen' future medical cost projections based on the untimeliness of Plaintiff's production of those projections.  While Plaintiff admits that he did not produce Halvorsen's report by the May 19, 2016, deadline for disclosing expert reports, Plaintiff respectfully suggests that the proper remedy for this failure is a continuance to ameliorate any prejudice Defendants might suffer for the delay in disclosing Halvorsen's opinions, rather than excluding Halvorsen's important testimony.

"When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), 'the party is not allowed to use that information ... to supply evidence on a motion ... or at a

trial, unless the failure was substantially justified or is harmless.'" *In re Complaint of C.F. Bean L.L.C.*, No. 16-60008, 2016 WL 6585001, at *4 (5th Cir. Nov. 4, 2016) (quoting Fed. R. Civ. P. 37(c)(1)). "The district court may order alternative sanctions as well, such as awarding costs and attorneys' fees to the other parties." *Id*. (citing Fed. R. Civ. P. 37(c)(1)(A)-(C)).

The Court considers four factors to determine whether the failure to comply was harmless and therefore whether to exclude testimony as a sanction: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Id.*; *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1188 (E.D. Tex. 2011).

### A. Plaintiff has offered a reasonable explanation for the delay in obtaining halvorsen's report.

Here, Plaintiff has a good explanation for the timing of his disclosure of Halvorsen's report. Prior to Plaintiff's May 19, 2016, expert-disclosure deadline, the parties were waiting for the treating physician who performed surgery on Plaintiff to produce Plaintiff's medical records. Plaintiff had diligently pursued these records, but the provider did not respond quickly. Plaintiff received medical records from the treating physician on or about May 18, 2016, and received the billing records from the same provider on May 24, 2016. *Ex. A (Malley Aff.)*.

Subsequently, counsel for the parties conferred about extending the scheduling order deadlines for experts and discovery (but not the trial setting). Plaintiff's counsel explained that he would be adding a life care planner to his expert witness list, but had been unable to do so prior to the May 19, 2016, deadline because of the delay in obtaining the surgeon's records. Plaintiff offered to permit Defendant to designate an expert to counter Plaintiff's life care planner. Defendant's counsel was initially unopposed to Plaintiff's proposal, subject to obtaining approval from Defendants. So Plaintiff's counsel then approved Halvorsen to begin working, and

proposed extended deadlines and asked if Defendants could agree to them. Defendants thereafter notified Plaintiff that they would not agree to any extensions. *Id.*

When Plaintiff's counsel received Halvorsen's report on September 20, 2016, Plaintiff immediately served Defendants with the report and Halvorsen's CV, and Plaintiff listed Halvorsen as a consulting, non-testifying expert. At that time, it was Plaintiff's intention to have Dr. Nader testify to the future medical costs. However, as Defendant has objected to Nader's doing so, Plaintiff now requests that Halvorsen be permitted to do so. *Id.*

Notably, because Plaintiff produced Halvorsen's report and CV to Defendant on September 20, the only information Plaintiff was required to disclose to make Halvorsen a testifying expert that Defendant did not receive on September 20 was a list of cases in which Halvorsen has testified and the amount he is being paid. Fed. R. Civ. P. 26(a)(2)(B). That information has now been produced. *Ex. A (Malley Aff.)*. Thus, Plaintiff has provided a reasonable explanation for the delay in obtaining Halvorsen's report.

      **B.**    **Halvorsen's testimony is important.**

Expert testimony is not absolutely required to support an award of future medical expenses. Instead, the jury can determine the value of future medical treatment from the nature of the injuries, the medical care rendered in the past, and the condition of the injured party at the time of trial. *Blankenship v. Mirick*, 984 S.W.2d 771, 778 (Tex. App.—Waco 1999, pet. denied). Nevertheless, the ***preferred*** method of proving the value of future medical care is to present expert testimony of that value. *Id*. And of course, such testimony will be very helpful to the jury in determining the amount of money that, if paid now in cash, would fairly and reasonably compensate Plaintiff for his future medical expenses. After all, it will be the only testimony of the actual monetary value of Plaintiff's future medical care. *Ex. A (Malley Aff.)*.

### C.     Defendants will not be prejudiced by the admission of Halvorsen's testimony.

The focus of the prejudice inquiry is on whether Plaintiff's failure to comply with Rule 26 prejudiced Defendants' ability to prepare for trial, not on whether Defendants will be prejudiced by use of the evidence at trial. *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1189 (E.D. Tex. 2011). Defendants received Halvorsen's report on September 20, 2016, and knew that Plaintiff intended to designate a life care planner prior to that. *Ex. A (Malley Aff.)*. Plaintiff agreed to permit Defendants to designate their own expert to rebut Halvorsen's testimony. *Id*. Defendants' own counsel was initially unopposed to this proposal, but his clients apparently preferred to gamble that the Court would exclude this important evidence, rather than simply prepare to rebut it. *Id*. Accordingly, any prejudice Defendants may suffer if the Court permits Halvorsen to testify will be largely of their own making. And any such prejudice can be ameliorated by simply continuing the trial to permit Defendants extra time to prepare to rebut Halvorsen's testimony. To that end, Plaintiff does not oppose a continuance or a modification of the scheduling order to permit Defendants to designate a life care planner as an expert.

### D.     A continuance can cure any prejudice resulting from the admission of Halvorsen's testimony.

This case is currently set for trial on December 19, 2016. That is three months after Defendants received Halvorsen's report. *Ex. A (Mallery Aff.)*. Continuing the trial until early 2017 would give Defendants even more time to prepare to rebut Halvorsen's testimony. Further, Plaintiff does not oppose permitting Defendants to retain their own life care planner to testify, so long as Plaintiff is given an opportunity to depose him before trial. Accordingly, a continuance can cure any prejudice resulting from admitting Halvorsen's testimony.

**CONCLUSION AND PRAYER**

Because Plaintiff agrees that Dr. Nader will not testify about the cost of Plaintiff's future medical expenses, Defendants' motion to limit Nader's testimony should be denied as moot. But the Court should permit Plaintiff to utilize Dr. Halvorsen as an expert to testify about the cost of Plaintiff's future medical expenses, because his testimony is important, Defendant will not suffer significant prejudice from the Court's doing so, and a continuance can cure any prejudice Defendants may suffer.

Accordingly, Plaintiff prays that the Court deny Defendants' motion to limit Nader's testimony as moot. Plaintiff further prays that the Court deny Defendant's motion to the extent it seeks exclusion of Dr. Halvorsen's testimony, and permit Plaintiff to utilize Dr. Halvorsen as an expert to testify about the cost of Plaintiff's future medical expenses. Plaintiff further prays for any other relief to which he may be entitled.

Respectfully submitted,

MALLEY LAW FIRM, PLLC
2626 CALDER AVENUE, SUITE 104
Beaumont, Texas 77702
Tel:  (409) 212-8888
Fax:  (409) 212-8002

*/s/ Anthony Malley, III*
ANTHONY MALLEY, III
tony@mallaw.com
STATE BAR NO. 24041382

ATTORNEY FOR PLAINTIFF
VICTOR HOLLIE

## CERTIFICATE OF SERVICE

I certify that the foregoing was forwarded to counsel of record, as shown below, on November 18, 2016 in accordance with the Federal Rules of Civil Procedure.

**Robert D. Brown – Attorney in Charge**
Aaron Pool
Jeff Haas
**DONATO MINX BROWN & POOL, P.C.**
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
(713) 877-1112 - Telephone
(713) 877-1138 – Facsimile
jhaas@donatominxbrown.com - Email
apool@donatominxbrown.com - Email
bbrown@donatominxbrown.com - Email

*/s/ Anthony Malley*
Anthony Malley